Simonne MG Weyand, OSB No. 044936
Williams Weyand Law, LLC
P.O. Box 3698
Salem, OR 97302
Telephone: 503-212-0050
Fax No: 503-391-4269
Email:  simonne@williamsweyandlaw.com
  Of Attorneys for Plaintiff

David L. Kramer, OSB No. 802904
David L. Kramer, P.C.
3265 Liberty Road S.
Salem, OR  97302
Telephone: 503-212-0050
Fax No: 503-391-4269
Email:  David@KramerLaw.us
  Of Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **PERLA A. TORRES,**<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>**NATIONAL FROZEN FOODS CORPORATION,** a Washington corporation; **FRANK TIEGS**, an individual, **LARRY HARGREAVES**, an individual; **BERNADETTE KINTZ**, an individual; and **DOES I through III,**<br><br>　　　　　　　Defendants. | Civil No. _____<br><br>**COMPLAINT**<br>(Alleging Employment Discrimination and Civil Rights Violations)<br><br>**Demand for Jury Trial** |

**INTRODUCTION**

1.

Plaintiff is a former employee of National Frozen Foods Corporation (National) and worked at its plant in Albany, Linn County, Oregon in National's Human Resources Office.

PAGE 1 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

Plaintiff seeks monetary damages and attorney's fees and costs to redress Defendants' unlawful employment practices for violations of 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. § 1981, ORS 659A.030, based on Sex, Race, Ethnicity, National Origin, Harassment, and Hostile Work Environment; Whistleblowing Retaliation in violation of ORS 659A.199; Intentional Infliction of Emotional Distress and Aiding and Abetting in violation of ORS 659A.030, and Wrongful Termination.

## PARTIES

2.

Plaintiff Perla Torres ("Plaintiff Torres"), is an individual, female resident of Linn County, Oregon.  At all material times herein, Plaintiff Torres was employed by Defendant National Frozen Foods Corporation ("National") as a payroll administrator. She was an exempt, hourly employee.  Plaintiff Torres held the position of payroll administrator until on or about June 2, 2020, when she was constructively discharged following the wrongful conduct alleged hereinbelow.

3.

Plaintiff Torres is Hispanic.  Plaintiff Torres is fluent in Spanish and English.

4.

National is a closely held Washington corporation with its principal place of business in Seattle, Washington.  National now operates, and at all relevant times, has engaged in the food processing and packaging business in Linn County, Oregon.

5.

Employment at National varies and can range between approximately two hundred and fifty (250) and five hundred (500) employees in Linn County, Oregon.

6.

National maintains a registered agent in Linn County, Oregon, for service of process.

PAGE 2 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

7.

Defendant Frank Tiegs (Tiegs) is National's President and owner.

8.

At all material times herein, Tiegs is and has been a citizen of the state of Washington.

9.

Tiegs closely manages National's Oregon business activities, management, and personnel operations. Upon information and belief, he was aware of and authorized all of the wrongful conduct alleged herein.

10.

Defendant Larry Hargreaves (Hargreaves) is a male and resides in Marion County, Oregon. At all materials times herein, Hargreaves was an agent and employee of National. Hargreaves has held a variety of management and supervisory positions for National. Since during or about 2018 until the present, Hargreaves was and still is National's plant manager in Linn County Oregon, which is the most senior management position at that plant. At all material times he acted in his capacity as an agent and employee of National, and all of his wrongful acts were done in the course and scope of his agency and with the purpose of benefiting National.

11.

Defendant Bernadette Kintz ("Kintz") is a female and resides in Marion County, Oregon. Since on or about December of 2019, Kintz has been an employee and agent of National and was employed as National's Human Resources Manager in Albany, Oregon. In that capacity, Kintz immediately and directly supervised Plaintiff Torres . All of her wrongful acts were done in the course and scope of her agency and with the purpose of benefiting National.

/////

/////

/////

PAGE 3 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

**JURISDICTION A.ND VENUE**

12.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332, Diversity of Citizenship, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and arises between citizens of different states, and by 28 U.S.C. § 1331, federal question jurisdiction, because this matter arises under the Constitution and laws of the United States.  Plaintiff further requests that this Court invoke its supplemental jurisdiction under 28 U.S.C. § 1367 with respect to all claims for relief based on Oregon statutes and law because those claims arise from a common nucleus of operative facts as the federal claims alleged herein.

13.

Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2), because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

14.

Plaintiff brings this action within ninety (90) days of receipt of a Notice of Right to File a Civil Suit issued by the Equal Employment Opportunity Commission ("EEOC") on July 22, 2020 and the Oregon Bureau of Labor and Industries ("BOLI") letter dated June 29, 2020.

**BACKGROUND FACTS**

15.

At all material times herein, National acted through its supervisors and managers who acted in the court and scope of their agency and employment for National.

16.

Throughout 2019 and 2020, National, by and through Hargreaves, issued a standing instruction to the Human Resources (HR) Department employees, including Plaintiff Torres, to reduce time on hourly employees' timecards to match the time such employees were scheduled to work rather than the hours those employees marked that they actually worked.  Plaintiff

PAGE 4 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

believed in good faith this practice violated state and/or federal laws, and Plaintiff Torres raised concerns to then Human Resources Supervisor, Cyndie Yarber, who in turn expressed concerns about the practice to Hargreaves.  Plaintiff Torres was aware that Ms. Yarber reported the concerns to National's outside legal counsel who advised against such a practice and, in response, Hargreaves became hostile and abusive towards Ms. Yarber.  Plaintiff Torres was afraid to report further concerns out of fear she would lose her job or be subjected to hostile and abusive treatment.

17.

In 2019, Plaintiff Torres was aware National rehired a former employee who had been convicted of Sex Abuse in the First Degree for forcibly sexually assaulting one of National's female employees.  As a result, Plaintiff Torres was fearful in the workplace.

18.

Frequently throughout 2019 and 2020, Hargreaves created a hostile work environment by subjecting Plaintiff Torres and other female coworkers to offensive sexual jokes, harassment, and discriminatory actions, and made disparaging and offensive gender-biased insults, including without limitation:

    a.   telling Plaintiff Torres women are "whiney" and "petty" in response to a concern she raised about a female co-worker;

    b.   telling Plaintiff Torres women need to get over their issues;

    c.   calling a special meeting with the eight-person, predominately female, HR team, to rant about the women at National being "whiney," "petty," and "emotional";

    d.   stating in a meeting that women "cannot not make sound business decisions";

    e.   intimidating female employees by yelling at them, getting into female workers' faces, slapping objects around, and using other physically intimating methods;

    f.   stating that men "yell" at each other and get back to work, unlike women who "drag things on and on";

g.  making crude and sexual comments in front of Plaintiff Torres while a female coworker ate a lollipop;

h.  referring to a female coworker who was of a similar age to Plaintiff Torres as "eye candy";

i.  directing Plaintiff Torres to repeatedly tell a story to other employees about another female employee who started to do a strip dance at a bar; and

j.  commenting about Plaintiff Torres being on her knees in front of coworkers, including a male employee who laughed until he was red in the face at the comment.

19.

In or about October 2019, several female employees in National's Human Resources Department, including Plaintiff Torres, signed a written complaint regarding Hargreaves' abusive and derogatory behavior. They delivered the complaints to Human Resources Supervisor Cyndie Yarber.

20.

Due to Hargreaves' behavior, Plaintiff Torres suffered physical and emotional symptoms of extreme and severe stress in 2019 and 2020, causing her to regularly and repeatedly take sick leave.  She was forced to limit her use of accrued sick leave out of fear that if she used additional leave, Hargreaves would subject her to further abuse and harassment as she had witnessed him do to other employees who used legally protected leave.

21.

During her employment, Plaintiff Torres was told not to speak Spanish with coworkers without permission from a manager acting in the course and scope of employment.  Plaintiff Torres thought this was unusual and oppressive because she is Hispanic, as are many of the workers at National's Albany plant, and she regularly communicated with those workers in Spanish. Torres was told she could not use Spanish because managers – who spoke only

PAGE 6 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

English – wanted to ensure the Spanish speaking employees did not speak poorly of management in the workplace.  Plaintiff believed and feared that violation of this instruction would subject her to adverse employment actions.

22.

In or  about January 2020, National completed an investigation into a complaint that several Caucasian employees participated in racially motivated harassment of Hispanic employees. The Caucasian employees made public statements within the National plant, including that they should "barbecue some Mexicans," and said this while oinking and howling at Hispanic employees.  Plaintiff Torres was aware of the conduct and the investigation.  Plaintiff Torres was also aware that the offending employees received preferential treatment by suffering only minor punishment, including a short suspension. She was also aware that one of the offending employees had previously been investigated multiple times for sexual harassment yet remained employed.

23.

In  or about January 2020, Hargreaves issued a memo that National will not tolerate harassment and discrimination. The memo also stated that harassment of Hispanic employees at the plant "had been ongoing for a long period of time."  This was a sham. At the same time, he issued the statement, Hargreaves verbally dismissed and downplayed the incident such that Plaintiff Torres did not feel safe bringing any further concerns of harassment or discrimination to Hargreaves' attention.

24.

On or about April 14, 2020, during the early stages of the COVID pandemic, an employee tested positive for COVID-19.

25.

On or about April 15, 2020, Plaintiff Torres attended a meeting with National's Human Resources team and plant managers, including Hargreaves.  Human Resources Supervisor

PAGE 7 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

Cyndie Yarber spoke for Yarber when she and other employees said there were increasing numbers of employees who were afraid of the National plant becoming a COVID hot spot, who were concerned about the plant's complete lack of COVID safety protocols, and who were asking for direction from management. Hargreaves provided no information other than to say he was waiting for Tiegs to personally direct him on what to do.

26.

On about April 16, 2020, Plaintiff Torres was present in the National's Human Resources Offices when Hargreaves and Kintz presented her supervisor, Ms. Yarber, with a cloth mask covered with pictures of women's panties and the words, "Put on your big girl panties." This was done as an offensive and retaliatory act in response to the group meeting alleged above. Hargreaves laughed at Ms. Yarber. Plaintiff Torres and the other witnesses were shocked. As a result of management's response to the expressed concerns about COVID at the plant, Plaintiff Torres was afraid to report further concerns about COVID-19.

27.

On or about April 17, 2020, Plaintiff Torres together with Human Resources Supervisor Cyndie Yarber made a whistle-blowing complaint to the Oregon Occupational Safety and Health Administration (OSHA) regarding the COVID-related unsafe working conditions which had been "laughed off" by management at the plant.

28.

On or about April 21, 2020, Kintz directed Plaintiff Torres to assist her in making a list of Spanish-speaking employees who "did not speak good English" to ensure that only "English speaking" workers spoke to OSHA investigators. For at least the first day of the OSHA investigation at National's Albany plant, this had a chilling effect on Hispanic employees. Plaintiff Torres did not feel she could refuse to perform this highly offensive task out of fear she would be subjected to adverse employment actions.

29.

Throughout April of 2020, more and more employees of National tested positive for COVID-19. Employees who had positive test results or were exposed to those with COVID-19 symptoms would contact Plaintiff Torres and other Human Resources employees to call in sick, report symptoms, and/or seek guidance as to whether to come to work. National provided no guidance or safety protocols to plant workers or to Human Resource employees as of that time.

30.

On or about April 27, 2020, during a meeting with National's Albany plant management employees, concerns were raised that HR team employees' personal and home phone numbers had been added to the phone list distributed to all of National's Albany employees without consulting with the HR team. This was during the time when an increasing number of calls from employees about COVID-19 were occurring after business hours. When HR supervisor Yarber raised concerns that she was receiving calls on her personal phone, Hargraves laughed and said, "for a good time, call Cyndie."

31.

Plaintiff's working conditions and Defendants' discriminatory and retaliatory conduct became so intolerable Plaintiff was constructively discharged and forced to resign on or about June 2, 2020. A reasonable person in Plaintiff's position would have felt compelled to resign due to the intolerable working conditions.

32.

Plaintiff filed a complaint about the foregoing with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") on or about April 30, 2020. Plaintiff received a right to sue letter from BOLI dated June 29, 2020 and from EEOC dated July 22, 2020.

PAGE 9 - COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

33.

Defendants aided and abetted each other to commit the wrongful acts alleged herein. Each Defendant acted intentionally, wrongfully, with malice, and with a reckless disregard for, and outrageous indifference to, the rights of Plaintiff and others at the plant.  Defendants caused a highly unreasonable risk of harm. or acted with a conscious indifference, to the health, safety, and welfare of Plaintiff.  Plaintiff reserves the right to amend this complaint to allege punitive damages pursuant to ORS 31.725 and ORS 31.730.

34.

Plaintiff suffered damages as a result of Defendants' wrongful actions. Economic damage includes lost back pay, benefits, front pay, and future employment opportunities.  It also includes the cost of future care and counseling Plaintiff needs but presently cannot afford. The amount of economic damage will be proven at trial in excess of $500,000.00.  Non-economic damage includes past and ongoing depression, grief, shame, anxiety, sleep loss, and loss of enjoyment of life. The amount of non-economic damage will be proven at trial in excess of $1.5 million.

**FIRST CLAIM FOR RELIEF**

**Unlawful Discrimination based on Sex, Race, Color or National Origin in violation of 42 U.S.C. §§ 2000e, et seq.,**

**(Unlawful Employment Practice Against National Frozen Foods)**

35.

Plaintiffs reallege all of the paragraphs stated above.

36.

Plaintiff is a member of a class protected by 42 U.S.C. § 2000e, et seq,. in that she is a woman, and she is Hispanic.

/////

////

PAGE 10 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

37.

National, through the actions and conduct of Plant Manager Hargreaves, subjected Plaintiff to disparate treatment based on her gender or sex and, through the actions and conduct of Hargreaves and Kintz, subjected Plaintiff to disparate treatment based on her race, color, and/or national origin. The nature and frequency of the treatment altered the terms and conditions of Plaintiff's employment.

38.

Plaintiff's national origin was the sole reason or a motivating factor in the treatment.

39.

Plaintiff's gender or sex was the sole reason or a motivating factor in the treatment.

40.

The nature and frequency of the treatment altered the terms and conditions of Plaintiff's employment.

41.

Due to National's discriminatory conduct, Plaintiff's working conditions became so intolerable she was forced to resign. A reasonable person in Plaintiff's position would have felt compelled to resign due to the intolerable working conditions.

42.

National wanted Plaintiff to leave their employ or knew she was substantially certain to leave due to the intolerable working conditions.

43.

As a direct and proximate cause of Defendants' conduct and actions, Plaintiff Torres incurred the damage set forth above.

44.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

/////

PAGE 11 - COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

## SECOND CLAIM FOR RELIEF
### Unlawful Discrimination based on Sex in violation of ORS 659.030

### (Against National)

45

Plaintiff realleges all of the paragraphs stated above.

46.

Plaintiff is a member of a protected class based on her gender or sex.

47.

The hostile work environment and other wrongful acts alleged above were motivated in substantial part by Plaintiff's gender or sex.  In so acting, National subjected Plaintiff to unlawful discrimination.

48.

The nature and frequency of the treatment altered the terms and conditions of Plaintiff's employment.

49.

As a direct and proximate cause of Defendants' conduct and actions, Plaintiff suffered the damage alleged above.

50.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to ORS 20.107 and ORS 659A.885.

## THIRD CLAIM FOR RELIEF
### Unlawful Discrimination based on National Origin in violation of ORS 659.030

### (Against National)

51.

Plaintiff realleges all of the paragraphs set forth above.

52.

Plaintiff is a member of a protected class based on her national origin.

PAGE 12 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

53.

Motivated in substantial part by Plaintiff's national origin, National subjected Plaintiff to unlawful discrimination.

54.

The nature and frequency of the treatment altered the terms and conditions of Plaintiff's employment.

55.

As a direct and proximate cause of Defendants' conduct and actions, Plaintiff Torres suffered the damage set forth above.

56.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to ORS 20.107 and ORS 659A.885.

**FOURTH CLAIM FOR RELIEF**
**Hostile Work Environment and Harassment in violation of ORS 659A.030**

**(Against National)**

57.

Plaintiff realleges all of the paragraphs set forth above.

58.

Hargreaves, acting in the course and scope of his employment, repeatedly and continuously subjected Plaintiff Torres and other employees in the presence of Plaintiff Torres to subjectively and objectively offensive, demeaning, degrading, and harmful comments based on race, sex, national origin, and ethnicity.

59.

Defendants subjected Plaintiff Torres to harassment and discrimination based on Plaintiffs' race, sex, national origin, and ethnicity.

/////

PAGE 13 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

60.

The nature and frequency of the treatment altered the terms and conditions of Plaintiff's employment.

61.

Plaintiff was targeted and discriminated against due to her race, sex, national origin, and ethnicity.

62.

At all material times, Plaintiff Torres believed and feared that submission or acquiescence to the continued and ongoing actions and comments of Defendants Hargreaves and Kintz was a term or condition of her ongoing employment with Defendant Frozen Foods.

63.

Defendants' actions and comments were unwelcome and unwanted.

64.

Defendants' actions and comments were subjectively and objectively offensive.

65.

Defendants' actions and comments were ongoing, humiliating, and offensive to Plaintiff such that they were severe or pervasive.

66.

As a direct and proximate result of National's conduct, Plaintiff suffered the damage alleged above.

67.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to ORS 20.107 and ORS 659A.885.

/////

/////

PAGE 14 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

**FIFTH CLAIM FOR RELIEF**
**Unlawful Discrimination based on a Hostile Work Environment and Harassment in violation of 42 U.S.C. §§ 2000e, et seq., Unlawful Employment Practice**

**(Against National)**

68.

Plaintiff Torres realleges all of the paragraphs set forth above.

69.

At all material times herein Hargreaves and Kintz had immediate or direct supervisory authority over Plaintiff or were in successively higher management positions.

70.

National, by and through the actions of Hargreaves and Kintz, created and allowed hostile working conditions against Plaintiff to persist.

71.

National, by and though the actions of Hargreaves and Kintz subjected Plaintiff to unwelcome and unwanted gender-based slurs, insults, jokes, or other offensive, demeaning, and demoralizing verbal comments based on, and because of, her sex.

72.

Plaintiff's gender or sex was the sole reason or a motivating factor for Defendants' conduct or actions.

73.

At all material times, Defendants' comments, conduct, and actions were unwanted and unwelcome by Plaintiff Torres.

74.

Defendants' comments conduct and actions regularly occurred inside the workplace, during meetings, and in front of other coworkers; were frequent, ongoing, demeaning, embarrassing, and humiliating; and contained implicit and explicit threats of adverse

employment action, such that Defendants' actions interfered with the terms and conditions of Plaintiff's employment.

75.

Kintz was aware of, witnessed, and failed to intervene or stop the unlawful behavior of Hargreaves.

76.

At all material times, Plaintiff Torres believed and feared that submission or acquiescence to the continued and ongoing actions and comments was a term or condition of her ongoing employment with National.

77.

At all material times, Hargreaves's comments and actions were ongoing, demeaning, humiliating, and hostile such that they were severe or pervasive.

78.

The nature and frequency of the treatment altered the terms and conditions of Plaintiff's employment.

79.

As a direct and proximate result of National's conduct, Plaintiff suffered the damage alleged above.

80.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**SIXTH CLAIM FOR RELIEF**
**Unlawful Discrimination based on Ethnicity in violation of 42 U.S.C. § 1981**

**(Against National)**

81.

Plaintiff Torres realleges each of the paragraphs set forth above,

PAGE 16 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

82.

National, by and through the actions of Hargreaves and Kintz, subjected Plaintiff to disparate treatment based on her race or ethnicity.

83.

Plaintiff's race or ethnicity played a motivating part in Defendants' actions, conduct, and treatment of Plaintiff.

84.

National subjected Plaintiff to serious and tangible ongoing humiliation resulting in adverse employment conditions and depriving Plaintiff of the privileges of employment by discriminating against her due to her race or ethnicity.

85.

Plaintiff's race or ethnicity played a motivating part in the disparate treatment to which National subjected Plaintiff.

86.

Plaintiff's working conditions became so intolerable she was forced to resign because of National's racially and ethnically discriminatory conduct.  A reasonable person in Plaintiff's position would have felt compelled to resign due to the intolerable working conditions.

87.

As a direct and proximate cause of Defendants' conduct and actions, Plaintiff Torres incurred the damage alleged above.

88.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

/////

/////

/////

## SEVENTH CLAIM FOR RELIEF
### Unlawful Harassment and Hostile Work Environment in violation of 42 U.S.C. § 1981

### (Against National)

89.

Plaintiff Torres realleges each of the paragraphs set forth above.

90.

National subjected Plaintiff to hostile, abusive, and harassing conditions motivated by her race or ethnicity.

91.

The hostile, abusive and harassing conduct, and actions were unwelcomed by Plaintiff.

92.

The hostile, abusive, and harassing conduct was severe or pervasive.

93.

A reasonable person of Plaintiff's race or ethnicity would find the work environment to be hostile or abusive.

94.

Plaintiff believed her work environment to be hostile or abusive as a result of the severe or pervasive treatment.

95.

Plaintiff's working conditions became so intolerable that she was forced to resign due to National's racially and ethnically discriminatory conduct. A reasonable person in Plaintiff's position would have felt compelled to resign due to the intolerable working conditions.

96.

As a direct and proximate result of National's conduct, Plaintiff Torres suffered the damage alleged above.

/////

/////

PAGE 18 - COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

97.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## EIGHTH CLAIM FOR RELIEF
### Aiding and Abetting (ORS 659A.030)

### (Against Defendant Hargreaves)

98.

Plaintiff realleges each of the paragraphs set forth above.

99.

Hargreaves aided and abetted the unlawful actions of National by facilitating, allowing, encouraging, and failing to prohibit the harassment and discrimination of Plaintiff.

100.

As a direct and proximate result of National's conduct, Plaintiff Torres suffered the damage alleged above.

101.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to ORS 20.107 and ORS 659A.885.

## NINTH CLAIM FOR RELIEF
### Aiding and Abetting (ORS 659A.030)
### (Against Defendant Kintz)

102.

Plaintiff realleges the paragraphs set forth above.

103.

Kintz aided and abetted the unlawful actions of National by allowing, taking part in, and encouraging the harassment and discrimination of Plaintiff.

/////

/////

PAGE 19 - COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

104.

As a direct and proximate result of Defendant Frozen Food's conduct, Plaintiff Torres suffered the damage alleged above.

105.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to ORS 20.107 and ORS 659A.885.

**TENTH CLAIM FOR RELIEF**
**Aiding and Abetting (ORS 659A.030)**

**(Against Defendant Tiegs)**

106.

Plaintiff realleges each of the paragraphs set forth above.

107.

Tiegs aided and abetted the unlawful actions of National by facilitating, allowing, encouraging, and failing to prohibit the harassment and discrimination of Plaintiff.

108.

As a direct and proximate result of National's conduct, Plaintiff Torres suffered the damage alleged above.

109.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to ORS 20.107 and ORS 659A.885.

**ELEVENTH CLAIM FOR RELIEF**
**Wrongful Discharge (Common Law)**

**(Against National)**

110.

Plaintiff realleges each of the paragraphs set forth above.

/////

PAGE 20 - COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

111.

National, through the actions of Hargreaves and Kintz and other supervisors and agents, intentionally created intolerable work conditions and allowed those conditions to persist such that Plaintiff resigned from her employment with National as a direct result thereof.

112.

A reasonable person in Plaintiff's position would have left employment due to the intolerable working conditions.

113.

National knew Plaintiff was substantially certain to leave her employment because of the intolerable working conditions.

114.

Alternatively, National desired that Plaintiff would leave her employment because of the intolerable working conditions.

115.

Plaintiff's statutory claims do not provide adequate remedies for relief, thereby entitling Plaintiff to common law remedies exceeding those awarded under the statutory claims pleaded herein.

116.

As a direct and proximate cause of Defendants' conduct and actions, Plaintiff Torres suffered the damages alleged above.

**TWELFTH CLAIM FOR RELIEF**
**Whistleblower Retaliation in Violation of ORS 659A.199**

**(Against National)**

117.

Plaintiff realleges each of the paragraphs set forth above.

/////

PAGE 21 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

118.

Plaintiff Torres reported information to show that National was violating a state or federal law, rule, or regulation when she reported Defendant Hargraves instructions to change workers' timecards to a Human Resources Supervisor and when she reported Defendant National's COVID-19 violations to OSHA.

119.

Plaintiff Torres acted reasonably or in good faith by reporting the information.

120.

National subjected Plaintiff Torres to abusive, harassing, and discriminatory working conditions in response to her reports.

121.

National retaliated against Plaintiff in response to her reporting information to OSHA by maintaining a hostile work environment and by constructively discharging her.

122.

As a direct and proximate cause of Defendants' conduct and actions, Plaintiff Torres suffered the damage alleged above.

123.

Plaintiff Torres is entitled to reasonable attorney fees and costs pursuant to ORS 20.107 and ORS 659A.885.

**THIRTEENTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**

**(Against Defendant National, Defendant Tiegs and Defendant Hargreaves)**

124.

Plaintiff realleges each paragraph set forth above.

/////

/////

PAGE 22 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

125.

The actions and conduct of Defendants constitute an extraordinary transgression of the bounds of socially tolerable behavior.

126.

Defendants caused and intended to cause severe emotional distress to Plaintiff.

127.

Defendants knew that Plaintiff was substantially certain to suffer severe emotional distress as a result of the aforementioned conduct and action

12.

As a direct and proximate cause of Defendants' conduct and actions, Plaintiff Torres suffered the damages alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perla Torres prays for a judgment against Defendants National, Hargreaves, Tiegs, and Kintz as follows:

1. For an award of non-economic damages against all Defendants in an amount to be proven at trial in excess of $1.5 million;.

2. For an award of economic damages against all Defendants for lost back pay, front pay and benefits in an amount to be determined at trial in excess of $500,000.00;

3. For Plaintiff's attorney fees, and costs and disbursements incurred herein against all Defendants; and

//////

/////

/////   .

/////

/////

/////

PAGE 23 -  COMPLAINT (Alleging Employment Discrimination and Civil Rights Violations)

4.  For such other relief as the Court deems just and equitable.

5.  Plaintiff reserves the right to amend to allege  punitive damages.

DATED this 28th day of September 2020.

**WILLIAMS WEYAND LAW, LLC**

By:  /s/ Simonne Weyand_____
      Simonne MG Weyand, OSB#044936
      Email:  simonne@williamsweyandlaw.com
      P.O. Box 3698
      Salem, OR 97302
      Telephone: 503-212-0050
      Fax No.: 503-391-4269

**DAVID L. KRAMER, P.C.**

      David L. Kramer
      E-mail: David@KramerLaw.us
      3265 Liberty Road South
      Salem, OR 97302
      Telephone: 503.364.1117
      Fax No:  503-391-4269

                Attorneys for Plaintiff